# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| YVELISSE URENA-MARMOLEJOS & JEISON PANIAGUA<br>　　　　Plaintiffs<br><br>v.<br><br>RICARDO VALADEZ & UNITED VAN LINES, LLC<br>　　　　Defendants | Civil Action No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants Ricardo Valadez ("Valadez") and United Van Lines, LLC. ("United"), by their attorneys, hereby remove this action now pending in the Connecticut Superior Court, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut. The following is a short and plain statement of the grounds for removal.

## BACKGROUND

1. On or about December 9, 2020 a Complaint (the "Complaint") was filed in the Connecticut Superior Court for the Judicial District of Hartford at Hartford titled, "*Urena-Marmolejos, Yvelisse Et Al. v. Valadez, Ricardo Et Al.*" (the "State Court Action"). (A true and correct copy of the Complaint is annexed hereto as Exhibit A.) On December 3, 2020 the Complaint was served on United through CT Corporation System. (A true and correct copy of the Return of Service is annexed hereto as Exhibit B.) On December 3, 2020 the Complaint was served

on Valadez through the Office of the Commissioner of Motor Vehicles for the State of Connecticut and by certified mail return receipt requested. (Exhibit B) Pursuant to 28 U.S.C. §1446(a), all process, pleadings, and orders served upon the Defendants in this action are attached hereto.

2. The time for Defendants to answer or otherwise plead in response to the Complaint has not expired, and Defendants have not yet filed an answer or other responsive pleading to the Complaint. (Conn. Sup. Ct. Proc. in Civ. Matters § 10-8.)

3. This case arises out of a motor vehicle accident involving Plaintiffs and Valadez which occurred on December 21, 2018. (Exhibit A at ¶3)

4. Plaintiff Yvelisse Urena-Marmolejos ("Marmolejos") alleges that as a result of the accident, she sustained the following severe and painful personal injuries: right shoulder sprain/strain, right shoulder tendinopathy, right shoulder internal derangement, cervical sprain/strain, thoracic sprain/strain, post-traumatic headaches, pain, suffering, mental anguish, nervousness, frustration, depression, loss of sleep, and severe traumatic shock to her nervous system. (Exhibit A pg. 3 ¶5)

5. Marmolejos also alleges that all of these injuries may be permanent in nature and that she has been forced to incur and will incur in the future, "considerable expenses for hospital, doctor and medical care treatment, x-rays, medicines, and medical supplies." (Exhibit A pg. 3 ¶¶6,8)

6. Marmolejos further alleges that she has incurred lost wages, sustained impaired capacity to earn wages, and that she has been prevented "from

pursuing the activities in which she engaged prior to the date of the accident and her ability to get around and enjoy life's offerings has been impaired and will be so affected permanently for the remainder of her life." (Exhibit A pg. 3-4 ¶¶7,9)

7. Plaintiff Jeison Paniagua ("Paniagua") alleges that as a result of the accident, he sustained the following severe and painful personal injuries: right shoulder sprain/strain, lumbar sprain/strain, thoracic sprain/strain, pain, suffering, mental anguish, nervousness, frustration, depression, loss of sleep, and severe traumatic shock to his nervous system. (Exhibit A pg. 6 ¶5)

8. Paniagua also alleges that all of these injuries may be permanent in nature and that he has been forced to incur and will incur in the future, "considerable expenses for hospital, doctor and medical care treatment, x-rays, medicines, and medical supplies." (Exhibit A pg. 6-7 ¶¶6,8)

9. Paniagua further alleges that he has incurred lost wages, sustained impaired capacity to earn wages, and that he has been prevented "from pursuing the activities in which he engaged prior to the date of the accident and his ability to get around and enjoy life's offerings has been impaired and will be so affected permanently for the remainder of his life." (Exhibit A pg. 6-7 ¶¶7,9)

## **NOTICE OF REMOVAL IS TIMELY**

10. This Notice of Removal is timely because it is filed within 30 days of the receipt by United and Valadez of the Complaint. 28 U.S.C. §1446(b)(1). The Complaint was served on United and Valadez on December 3, 2020. (Exhibit B) This Notice is being filed within 30 days of that service.

## REMOVAL JURISDICTION

11. This Court has original subject matter jurisdiction over the State Court Action under 28 U.S.C. § 1332(a). It is therefore removable by Defendants to the United States District Court for the District of Connecticut. 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

12. Marmolejos is a citizen and domiciliary of the State of Connecticut with her address located in Hartford, Connecticut. (*See* Summons, a true and correct copy of which is annexed hereto as Exhibit C.)

13. Paniagua is a citizen and domiciliary of the State of Connecticut with his address located in Hartford, Connecticut (Exhibit C)

14. Valadez is a citizen and domiciliary of the State of Texas with his address located in Lubbock, Texas. (Exhibit C)

15. United is a Missouri limited liability company with its principal place of business in Fenton, Missouri.

16. Accordingly, diversity of citizenship exists between the parties because the matter in controversy is between citizens of different states. 28 U.S.C. §§1332(a)(1) and (c)(1).

## AMOUNT IN CONTROVERSY

17. The Complaint seeks money damages "not less than $15,000" and other "legal and equitable relief." (Exhibit A at *Statement of Amount in Demand.)* Connecticut practice does not permit a demand for a specific sum in the initial pleading. Conn. Gen. Stat. § 52-91. Therefore, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii).

18. Based upon a fair reading of the Complaint, a "reasonable probability" exists that the monetary damages alleged in the Complaint exceed $75,000, exclusive of interest and costs. *Colavito v. NY Organ Donor Network, Inc.,* 438 F.3d 214, 221 (2d Cir. 2006); *see, e.g., Sales v. Certain-Teed Corp.,* No. 14-cv-1542, 2014 WL 6085601, at *4 (D. Conn. Nov. 13, 2014) (reasonable probability that amount in controversy requirement was met where complaint alleged, *inter alia,* serious medical issues, past and future medical expenses, loss of employment and impairment of future earnings); *Gross v. Kohl's Dep't Stores, Inc.,* No. 14-cv-298, 2014 WL 1831027, at *I n.1 (D. Conn. May 8, 2014) (emphasis omitted) (where complaint in state court action alleged damages "greater than $15,000 exclusive of interest and costs," jurisdictional amount in controversy element was "presumed satisfied").

19. Accordingly, the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

**NOTICE TO ADVERSE PARTIES AND STATE COURT**

20. A copy of this Notice shall be promptly served on Plaintiff's counsel of record and will be filed with the Clerk of the Connecticut Superior Court for the Judicial District of Hartford at Hartford. 28 U.S.C. §1446(d).

WHEREFORE, Defendants hereby remove the State Court Action to this Court pursuant to 28 U.S.C. §§1441 and 1446.

Dated: December 30, 2020

Respectfully Submitted,
THE DEFENDANTS,
Ricardo Valadez and United Van Lines, LLC.,

BY THEIR ATTORNEY,

/s/ Dean A. Hanafin
Dean A. Hanafin ct30130
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, CT 06457
T: (860) 724-2163
F: (860) 724-2161
dean@aetonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

s/ Dean A. Hanafin<br>Dean A. Hanafin