# EXHIBIT A

| | |
|---|---|
| RETURN DATE: JANUARY 5, 2021 | SUPERIOR COURT |
| YVELISSE URENA-MARMOLEJOS & JEISON PANIAGUA<br>    PLAINTIFFS | JUDICIAL DISTRICT OF HARTFORD |
| V. | AT HARTFORD |
| RICARDO VALADEZ & UNITED VAN LINES, LLC<br>    DEFENDANTS | NOVEMBER 30, 2020 |

## COMPLAINT

**FIRST COUNT**              (AS TO URENA-MARMOLEJOS V. VALADEZ)

1.   On or about December 21, 2018 at approximately 3:45 p.m. and at all times relevant hereto, the plaintiff, Yvelisse Urena-Marmolejos, (hereinafter "plaintiff"), was a passenger in a motor vehicle operated by Mercedes Almonte-Nunez traveling in a southerly direction in the right lane on Blue Hills Avenue, Bloomfield, Ct.

2.   On said date and at said time, the defendant, Ricardo Valadez, (hereinafter "defendant/operator"), was operating his motor vehicle pulling a trailer owned by the defendant, United Van Lines, LLC, (hereinafter "defendant/trailer owner") southbound in the left lane on Blue Hills Avenue, Bloomfield, Ct..

3.   On said date and, at said time and place, as the plaintiff's vehicle was traveling down the road the defendant, suddenly and without warning, drove his motor vehicle directly

1

into the plaintiff's lane of travel causing the plaintiff's vehicle to collide with the defendant's vehicle and causing the plaintiff to be violently thrown about said vehicle and to suffer injuries which are more particularly described below.

4. The collision and the plaintiff's injuries were caused by the negligence and carelessness of the defendant, Ricardo Valadez in one or more of the following ways:

(a) IN THAT he failed to use due care and to make such use of his senses and faculties as would a reasonably prudent person under the circumstances as they then and there existed;

(b) IN THAT he failed to operate and keep his motor vehicle under proper and reasonable control;

(c) IN THAT he failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

(d) IN THAT he failed to apply his brakes so as to avoid a collision, although by a proper and reasonable exercise of his faculties he could have and should have done so;

(e) IN THAT he failed to turn his vehicle to the left or right so as to avoid a collision, although by a proper and reasonable exercise of his faculties he could and should have done so;

(f) IN THAT he operated his motor vehicle at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions in violation of Connecticut General Statutes Section 14-218;

(g) IN THAT he failed to maintain his motor vehicle in its proper lane in violation of Connecticut General Statutes §14-236;

(h)  IN THAT he made an unsafe lane change in violation of Connecticut General Statutes §14-232.

5.  As a result of the negligence and carelessness of the defendant, as aforesaid, the plaintiff suffered severe and painful personal injuries, when upon medical examination it was determined that the plaintiff suffered the following injuries: right shoulder sprain/strain; right shoulder tendinopathy; right shoulder internal derangement; cervical sprain/strain; thoracic sprain/strain; post traumatic headaches; pain; suffering; mental anguish; nervousness; frustration; depression; loss of sleep; and, a severe traumatic shock to her nervous system.

6.  All of the aforesaid injuries are or may be permanent in nature.

7.  As a further result of the negligence and carelessness of the defendant, Ricardo Valadez as aforesaid, the plaintiff has been restricted and prevented from pursuing the activities in which she engaged prior to the date of the accident and her ability to get around and enjoy life's offerings has been impaired and will be so affected permanently for the remainder of her life.

8.  As a further result of the negligence and carelessness of the defendant, Ricardo Valadez as aforesaid, the plaintiff has incurred and will incur in the future, considerable expenses for hospital, doctor and medical care treatment, x-rays, medicines and medical supplies all to her financial detriment.

3

9. As a further result of the negligence and carelessness of the defendant, Ricardo Valadez as aforesaid, the plaintiff was caused to lose time from her employment causing her financial loss and her earning capacity has been impaired.

**SECOND COUNT**          (AS TO URENA-MARMOLEJOS V. UNITED VAN LINES,LLC)

1. Paragraphs 1 through 9 of the First Count are hereby made paragraphs 1 through 9 of this the Second Count as though fully set forth herein.

10. The defendant, United Van Lines, LLC is a foreign LLC organized and existing under the laws of the State of Missouri with its principal place of business at 1 Premier Drive, Fenton, Missouri and authorized to do business in the State of Connecticut.

11. On said date and at said time and place, the defendant, Ricardo Valadez was pulling a trailer owned by the defendant, United Van Lines, LLC and was the servant, agent, and/or employee of the defendant, United Van Lines, LLC and was acting within the scope of his authority and/or employment.

**THIRD COUNT**                    (AS TO JEISON PANIAGUA V. VALADEZ)

1. On or about December 21, 2018 at approximately 3:45 p.m. and at all times relevant hereto, the plaintiff, Jeison Paniagua, (hereinafter "plaintiff/passenger"), was a passenger in a motor vehicle operated by Mercedes Almonte-Nunez traveling in a southerly direction in the right lane on Blue Hills Avenue, Bloomfield, Ct.

2. On said date and at said time, the defendant, Ricardo Valadez, (hereinafter "defendant/operator"), was operating his motor vehicle pulling a trailer owned by the defendant, United Van Lines, LLC, (hereinafter "defendant/trailer owner") southbound in the left lane on Blue Hills Avenue, Bloomfield, Ct..

3. On said date and, at said time and place, as the plaintiff's vehicle was traveling down the road the defendant, suddenly and without warning, drove his motor vehicle directly into the plaintiff's lane of travel causing the plaintiff's vehicle to collide with the defendant's vehicle and causing the plaintiff to be violently thrown about said vehicle and to suffer injuries which are more particularly described below.

4. The collision and the plaintiff's injuries were caused by the negligence and carelessness of the defendant, Ricardo Valadez in one or more of the following ways:

(a) IN THAT he failed to use due care and to make such use of his senses and faculties as would a reasonably prudent person under the circumstances as they then and there existed;

(b) IN THAT he failed to operate and keep his motor vehicle under proper and reasonable control;

(c) IN THAT he failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

(d) IN THAT he failed to apply his brakes so as to avoid a collision, although by a proper and reasonable exercise of his faculties he could have and should have done so;

5

(e) IN THAT he failed to turn his vehicle to the left or right so as to avoid a collision, although by a proper and reasonable exercise of his faculties he could and should have done so;

(f) IN THAT he operated his motor vehicle at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions in violation of Connecticut General Statutes Section 14-218;

(g) IN THAT he failed to maintain his motor vehicle in its proper lane in violation of Connecticut General Statutes §14-236;

(h) IN THAT he made an unsafe lane change in violation of Connecticut General Statutes §14-232.

5. As a result of the negligence and carelessness of the defendant, as aforesaid, the plaintiff suffered severe and painful personal injuries, when upon medical examination it was determined that the plaintiff suffered the following injuries: right shoulder sprain/strain; lumbarl sprain/strain; thoracic sprain/strain; pain; suffering; mental anguish; nervousness; frustration; depression; loss of sleep; and, a severe traumatic shock to his nervous system.

6. All of the aforesaid injuries are or may be permanent in nature.

7. As a further result of the negligence and carelessness of the defendant, Ricardo Valadez as aforesaid, the plaintiff has been restricted and prevented from pursuing the activities in which he engaged prior to the date of the accident and his ability to get around and enjoy life's offerings has been impaired and will be so affected permanently for the remainder of his life.

8. As a further result of the negligence and carelessness of the defendant, Ricardo Valadez as aforesaid, the plaintiff has incurred and will incur in the future, considerable expenses for hospital, doctor and medical care treatment, x-rays, medicines and medical supplies all to his financial detriment.

9. As a further result of the negligence and carelessness of the defendant, Ricardo Valadez as aforesaid, the plaintiff was caused to lose time from his employment causing him financial loss and his earning capacity has been impaired.

**FOURTH COUNT**         (AS TO JEISON PANIAGUA V. UNITED VAN LINES, LLC)

1. Paragraphs 1 through 9 of the Third Count are hereby made paragraphs 1 through 9 of this the Second Count as though fully set forth herein.

10. The defendant, United Van Lines, LLC is a foreign LLC organized and existing under the laws of the State of Missouri with its principal place of business at 1 Premier Drive, Fenton, Missouri and authorized to do business in the State of Connecticut.

11. On said date and at said time and place, the defendant, Ricardo Valadez was pulling a trailer owned by the defendant, United Van Lines, LLC and was the servant, agent, and/or employee of the defendant, United Van Lines, LLC and was acting within the scope of his authority and/or employment.

WHEREFORE, the plaintiff claims the following relief:

1. Monetary damages;

2. Such other relief as in law and/or equity may appertain;

                                          THE PLAINTIFFS,
                                          YVELISSE URENA-MARMOLEJOS &
                                          JEISON PANIAGUA

By _____
David A. Zipfel, their attorney
David A. Zipfel & Associates, LLC
84 Connecticut Blvd.
East Hartford, CT 06108
Tel. No. (860) 528-4567
Juris No. 071240

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

8

| | |
|---|---|
| RETURN DATE: JANUARY 5, 2021 | SUPERIOR COURT |
| YVELISSE URENA-MARMOLEJOS & JEISON PANIAGUA<br>        PLAINTIFFS | JUDICIAL DISTRICT OF<br>HARTFORD |
| V. | AT HARTFORD |
| RICARDO VALADEZ & UNITED VAN LINES, LLC<br>        DEFENDANTS | NOVEMBER 30, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than FIFTEEN THOUSAND DOLLARS ($15,000.00) exclusive of interest and costs.

THE PLAINTIFFS,
 YVELISSE URENA-MARMOLEJOS &
JEISON PAMIAGUA

By_____
David A. Zipfel, their attorney
David A. Zipfel & Associates, LLC
84 Connecticut Blvd.
East Hartford, CT 06108
Tel. No. (860) 528-4567
Juris No. 071240

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

9